IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| CHARLES DEANDRE ROMAN, | : | MOTION TO VACATE |
| BOP No. 65624-019, | : | 28 U.S.C. § 2255 |
| Movant *pro se*, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 4:13-CR-57-WMR-JHR-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 4:26-CV-39-WMR-JHR |

**FINAL REPORT AND RECOMMENDATION**

Movant *pro se*, Charles DeAndre Roman, submitted a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [56] ("Motion to Vacate"). The government filed a Response [59] arguing that the Motion to Vacate should be granted in part and dismissed in part. Movant did not file a reply. For the reasons stated below, the undersigned **RECOMMENDS** that the Motion to Vacate be **GRANTED IN PART AND DISMISSED IN PART**.

I.    **PROCEDURAL HISTORY**

On April 29, 2014, movant pleaded guilty to possession of ammunition by a convicted felon [1, 38, 39]. Movant's plea agreement provided that the parties would recommend a sentence of 180 months of imprisonment to "run concurrent

with [movant's] state custodial sentence." (Plea Agreement [39] 4.) The plea agreement also provided that the sentencing recommendation "would bind the Court to impose this particular custodial sentence if the Court accepts this plea agreement." (*Id.*)

However, at sentencing, the parties failed to recommend that movant's sentence run concurrently. (Resp. 2.) On August 5, 2014, the District Court, *Vining, J.*, filed the Judgment and Commitment, sentencing movant to 180 months of imprisonment, followed by five years of supervised release [48]. The Judgment and Commitment did not provide for movant's sentence to run concurrently. (Resp. 2.)

Movant did not appeal. (Mot. Vacate 2.) In the Motion to Vacate, executed on February 9, 2026, movant claims that (1) counsel provided ineffective assistance by failing to ensure that movant's sentence would run concurrently, and (2) movant's "[g]uilty plea was not knowing and voluntary because the plea agreement was not honored at sentencing." (*Id.* at 4-9, 12.)

## II.   TIMELINESS AND PROCEDURAL DEFAULT

The government first argues that the Motion to Vacate is untimely. (Resp. 3-5.) A § 2255 motion is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on

which (1) movant's conviction became final; (2) a government impediment to making the § 2255 motion was removed; (3) a right that movant asserts was initially recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) movant, with due diligence, could have discovered the facts supporting his claims. *See* 28 U.S.C. § 2255(f)(1)-(4).

Under § 2255(f)(1), movant had fourteen (14) days in which to file an appeal after he was sentenced on August 5, 2014. *See* Fed. R. App. P. 4(b)(1)(A)(i). Movant did not appeal, and the period in which to do so expired on August 19, 2014. Thus, movant's conviction became final on that date, and the one-year statute of limitations expired on August 19, 2015.[1] Movant executed the Motion to Vacate more than ten years late, on February 9, 2026.

Movant fails to show that the circumstances set forth in § 2255(f)(2)-(3) apply. Movant argues that § 2255(f)(4) applies because (1) he "did not learn that the federal sentence was not running concurrently until the Bureau of Prisons

---

[1] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

calculated the sentence," and (2) he "discover[ed] that the federal sentence was being treated as consecutive rather than concurrent" on an unspecified date between February 9, 2025, and February 9, 2026. (Mot. Vacate 11.) However, movant could have discovered the facts supporting his claims as early as August 5, 2014, when his sentencing was held and the Judgment and Commitment was filed. Movant attended his sentencing, where the parties failed to recommend that movant's sentence run concurrently. Soon thereafter, movant could have examined the Judgment and Commitment, which did not provide for his sentence to run concurrently. The government also points out that movant began serving his federal sentence on June 16, 2019, and could have inquired whether his sentence was running concurrently at that time. (Resp. 4.) Movant's decision to wait until an unspecified date between February 9, 2025, and February 9, 2026, does not reflect due diligence. The undersigned concludes that the Motion to Vacate is untimely under § 2255(f)(4).

"Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam). Movant argues that he is entitled to equitable tolling because he "diligently pursued his rights, and the failure to implement the concurrent

sentence was outside his control and resulted from counsel's failure to ensure that the plea agreement was honored at sentencing." (Mot. Vacate 11.) "Mere attorney negligence does not justify equitable tolling. . . . For a [movant] to be entitled to equitable tolling, there must be egregious attorney misconduct, such as proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part." *Scott v. Duffy*, 372 F. App'x 61, 63 (11th Cir. 2010) (per curiam) (citations and internal quotation marks omitted). Movant does not show that his attorney committed egregious misconduct. Instead, counsel's failure to recommend that movant's sentence run concurrently reflects negligence. Movant's decision to wait to inquire whether his sentence was running concurrently until an unspecified date between February 9, 2025, and February 9, 2026, does not reflect diligence. (*See also* Resp. 4 n.1.) Therefore, movant is not entitled to equitable tolling.

"Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion." *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam). To demonstrate actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A movant "must

show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. Movant fails to present new reliable evidence demonstrating actual innocence.

Although the Motion to Vacate is untimely, "[t]he time limitation for filing a § 2255 motion is not jurisdictional and can be waived." *Green v. United States*, 735 F. App'x 687, 688 (11th Cir. 2018) (per curiam). In the present case, "[t]he government exercises its discretion to waive the statute of limitations as an affirmative defense" "as to [movant's] ineffective assistance of counsel claims, but not his claim that his plea was not knowing and voluntary." (Resp. 5.) Accordingly, the undersigned will consider the ineffective assistance of counsel claims on the merits in Part III of this Final Report and Recommendation. The undersigned **RECOMMENDS** that movant's claim as to the knowing and voluntary nature of his plea be **DISMISSED** as untimely.

The undersigned notes that the government also correctly argues that movant's claim as to the knowing and voluntary nature of his plea is procedurally defaulted. (Resp. 7 n.3.) "Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge" unless the movant "overcome[s] this procedural default by showing both cause for his default as well as demonstrating actual prejudice suffered as a

result of the alleged error." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [movant or counsel] from raising his claims on direct appeal and that this factor cannot be fairly attributable to [movant's] own conduct." *Lynn v. United States*, 365 F.3d 1225, 1235 (11th Cir. 2004) (per curiam). To demonstrate actual prejudice, a movant must show that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

As an alternative to showing cause and actual prejudice, a § 2255 movant may overcome a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234-35 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam)) (internal quotation marks omitted). "[A]ctual innocence means factual innocence, not mere legal innocence." *Id.* at 1235 n.18 (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)) (internal quotation marks omitted).

In the present case, movant's untimely claim as to the knowing and voluntary nature of his plea is also procedurally defaulted because he failed to

7

raise it on direct appeal.  Movant fails to overcome the procedural default because he neither (1) shows cause and actual prejudice, nor (2) presents proof of actual innocence.  The undersigned **RECOMMENDS** that movant's untimely claim as to the knowing and voluntary nature of his plea also be **DISMISSED** as procedurally defaulted.

### III.   INEFFECTIVE ASSISTANCE OF COUNSEL

"[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255."  *Massaro v. United States*, 538 U.S. 500, 509 (2003).  To demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  As to the first prong of *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Id.* at 689 (internal quotation marks omitted).  As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

Movant claims that counsel provided ineffective assistance by failing to ensure that movant's sentence would run concurrently.  (Mot. Vacate 4-5, 7-8.) The government agrees.  (Resp. 5-6.)  The undersigned determines that counsel performed deficiently at sentencing when he did not alert the District Court to the plea agreement's provision that movant's sentence was to run concurrently. Counsel's omission constituted neither reasonable professional assistance nor sound trial strategy.  The undersigned further determines that counsel's deficient performance prejudiced movant because he received a consecutive rather than a concurrent sentence.  If counsel had alerted the District Court to the relevant provision in the plea agreement, there is a reasonable probability that the result of the proceeding would have been different:  Movant would have received a concurrent sentence.

Accordingly, the undersigned **RECOMMENDS** that the Motion to Vacate be **GRANTED** as to movant's ineffective assistance of counsel claims, the judgment in movant's criminal case be **VACATED**, and movant's 180-month

sentence be **REIMPOSED** with the specification that it runs concurrently with his state custodial sentence.

## IV.   <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.§ 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

The undersigned **RECOMMENDS** that a certificate of appealability be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a certificate of appealability, movant "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

## V.   CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that (1) the Motion to Vacate [56] be **GRANTED** as to movant's ineffective assistance of counsel claims and **DISMISSED** as untimely and procedurally defaulted as to his claim that his guilty plea was not knowing and voluntary, (2) a certificate of appealability be **DENIED**, (3) civil action number 4:26-cv-39-WMR-JHR be **CLOSED**, (4) the judgment in criminal action number 4:13-cr-57-WMR-JHR-1 be **VACATED**, and (5) movant's 180-month sentence be **REIMPOSED** with the specification that it runs concurrently with his state custodial sentence.

11

The Clerk is **DIRECTED** to terminate the referral of the Motion to Vacate to the undersigned.

**SO RECOMMENDED**, this 27th day of April, 2026.

_____
JOHN H. RAINS IV
UNITED STATES MAGISTRATE JUDGE